UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TOMI JO IGLESIAS,

    Plaintiff,

v.                                        Case No: 6:12-cv-1683-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Reopen Case (Doc 31). Upon due consideration, I respectfully recommend that the motion be granted.

The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Jackson v. Chater, 99 F.3d 1086 (11th Cir. 1996). To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Jackson, 99 F.3d at 1090-91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity). After a sentence four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. Jackson, 99 F.3d at 1089, 1095. In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court ... may at any time order additional evidence to be
> taken before the Commissioner of Social Security, but only
> upon a showing that there is new evidence which is material
> and that there is good cause for the failure to incorporate such
> evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). A sentence six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. With a sentence six remand, the parties must return to the district court after remand to file modified findings of fact. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Jackson, 99 F.3d at 1095.

Plaintiff brought this action for review of the administrative decision and the Commissioner moved for a sentence six remand, as "[s]ignificant portions of the tape recording of the hearing held on January 28, 2011, are inaudible and cannot be accurately transcribed." (Doc. 11). The District Judge adopted my recommendation to grant the motion, the case was remanded under sentence six, and administratively closed (Docs. 12, 13). Now, the Commissioner represents that the administrative proceedings are complete and seeks to re-open the case and reinstate the action on the docket. Although the motion represents that it is opposed, no response has been filed by Plaintiff and the time for doing so has expired.[1]

Upon review, as good cause is presented, I respectfully recommend that the motion be **granted** to the extent the Court direct the Clerk to reopen the case.[2] As an answer has been filed by the Commissioner, should this recommendation be adopted, a Scheduling Order should issue.

---

[1] When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014) (citing Kramer v. Gwinnett Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).

[2] As the Court retained jurisdiction, there is no need to vacate the remand Order.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 16, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties